23 CV 6082-CSS

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEWYORK

ATREL HUDSON,

PLAINTIFF/PETITIONER,

— V —

Unknown Hearing Sergeant (Official/Individual Capacity)
CORRECTIONAL OFFICER SHAWVER (OFFICIAL CAPACITY);
CORRECTIONAL OFFICER LATONA (OFFICIAL CAPACITY);
CORRECTIONAL OFFICER CIRRITO (OFFICIAL CAPACITY);
SERGEANT SEXTON (OFFICIAL CAPACITY);
MENTAL HEALTH NURSE LAURA (OFFICIAL CAPACITY);
NIAGARA COUNTY CORRECTIONAL FACILITY;
Correctional officer Shawver (Individual Capacity);
Correctional officer Latona (Individual Capacity);
Correctional officer Cirrito (Individual Capacity);
MENTAL Health Nurse Laura (Individual Capacity),
Sergeant Sexton (Individual Capacity)   RESPONDENTS.

COMPLAINT WITH JURY DEMAND

# Introduction

This is a Civil Rights action filed by Atrel Hudson, A
Pre-trial detainee, for damages and injunctive relief
under 42 U.S.C. §1983, alleging excessive use of
force, failure to act, deliberate indifference, denial of

medical/psyciatric care in violation of the Eighth
Amendment to the United States Constitution and
confinement in segregation in violation of the Due process
Clause of the Fourteenth Amendments to the United
States Constitution. The Plaintiff also alleges the torts
of assault and negligence.

## Jurisdiction

1. The Court has jurisdiction over the plaintiff's
Claims of violation of the Federal constitution rights
under 42 U.S.C. §§ 1331 (1) and 1343.

2. The Court has supplemental jurisdiction over
the Plaintiffs state law tort claims under 28 U.S.C.
§ 1367,

## Parties

3. The Plaintiff, Atrel Hudson, is a pre-trial detainee
at Niagara County Correctional Facility ("NCJ") during
the events described in this Complaint.

4. Respondent Correctional officers Shawver, Correctional
officer Latona, and Correctional officer Cirrito are
all employed at Niagara County Correctional Facility.
They are all sued in both individual and official
Capacities.

2 of 14

Defendants Information

NAME: SERGEANT SEXTON

POSITION: SERGEANT

STREET: 5526 Niagara St. Ext.

CITY: Lockport

STATE: N.Y.

Zip code: 14095

Are you suing this defendant in his: Both-official/Individual

DEFENDANTS INFORMATION

NAME: MENTAL HEALTH NURSE LAURA

POSITION: MENTAL HEALTH NURSE

STREET: 5526 Niagara St. Ext.

CITY: Lockport

STATE: N.Y.

Zip code: 14095

Are you suing this defendant in his: Both-official/Individual

DEFENDANTS INFORMATION

NAME: NIAGARA COUNTY CORRECTIONAL FACILITY

POSITION: FACILITY

STREET: 5526 Niagara St. ext.

CITY: Lockport

STATE: N.Y.

Zip code: 14095

Are you suing this defendant in its: Official Capacity

DEFENDANT'S Information

NAME: CORRECTIONAL OFFICER SHANVER

POSITION: Correctional officer

STREET: 5526 Niagara Street ext

City: Lockport

STATE: N.Y.

Zip Code: 14095

Are you suing this defendant in his/her: Both-Official / Individual

DEFENDANT'S INFORMATION

NAME: CORRECTIONAL OFFICER LATONA

POSITION: Correctional officer

STREET: 5526 Niagara Street ext.

CITY: Lockport

STATE: N.Y.

ZIp Code: 14095

Are You suing this defendant in his: Both-official / Individual

DEFENDANT'S INFORMATION

NAME: CORRECTIONAL OFFICER CIRRITO

POSITION: CORRECTIONAL OFFICER

STREET: 5526 Niagara street ext.

CITY: Lockport

STATE: N.Y.

Zip code: 14095

Are you suing this defendant in his: Both-official / Individual

5. Respondent Sergeant Sexton is a supervisor at NCJ. He is sued in his individual and official capacity.

6. Mental Health Nurse Laura is a mental Health provider contracted with NCJ. She is sued in her individual and official capacity.

7. At all times mentioned herein the individual respondents were acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs, and usages of the state of New York and/or the County of Niagara, and/or city of Lockport.

## FACTS

8. On July 4th, 2022 at 9:15am approx., Correctional officer shawver was doing a round at Niagara County Correctional facility 2nd floor G-block gallery.

9. That upon walking past the plaintiff's cell, Correctional officer shawver proceeded to lock petitioner into his cell for having his cell bars covered with a sheet in order to cover himself while using the toilet. (Confined to his general population cell at ~~Nig^ara~~ NCJ)

10. That the Plaintiff inquired on why his cell had been locked without warning and upon that inquiry,

Correctional officer Shawver stated that Plaintiff had his sheet up too high on cell bars.

11. That Prior to this day specifically, Petitioner had been going through mental health problems in which A mental health provider prescribed Plaintiff Medication.

12. That Prior to this specific day, Petitioner had stopped taking his mental health medication and his mental health problems Continued to ~~wor~~ (AM) grow and Mental health Nurse Laura had not inquired with Petitioner about why he'd stopped taking his medication nor did Mental health Nurse Laura or any other mental health proffessional check the mental Stability or welfare of the Petitioner after noticing he'd stopped his med's.

13. That at approx. 9:20Am Correctional officer shawver came back to G-block shower area to talk to Petitioner again because Petitioner had requested a supervisor and mental health.

14. That correctional officer shawver refused to contact a supervisor and asked if ~~I wanted to hurt myse~~ (AM) Petitioner wanted to hurt himself.

15. That Petitioner answered in the negative but

was then going through a mental health crisis and
was crying and yelling at the officer to let him out
or call mental health.

## DENIAL OF PSYCIATRIC CARE / MISUSE OF FORCE / FAILURE TO ACT

11. Correctional officer Shawver then Contacted Sergeant
Sexton and Correctional officer Latona and Cirrito.

12. At approx. 9:32 am Sergeant Sexton and Correctional
officer's Latona and Cirrito responded and told Petitioner
to turn around in his cell and allow himself to be
cuffed with wrist restraints.

13. Petitioner refused to submit to the wrist restraints
and told the officers to "Suit up", meaning get ready
to extract Petitioner from his cell against his will,
to get him to go to the facilities restricted housing
(Segregated Confinement). Petitioner continued to refuse
to lock in wrist restraints and Respondent continued
to Order Petitioner to comply.

14. Respondant Correctional officer Latona then tried
to talk to Petitioner to try to get him to comply.
Petitioner looked and sounded as though he was
going through a mental health crisis as he had
previously requested mental health and continued to
make statements about him not caring about any-
thing and not caring about life.

5 of 14

15. Upon continued refusal by Petitioner to comply to be restrained by the wrists, Correctional officer Latona proceeded to subject Petitioner to a chemical agent by spraying through his locked cell and spraying petitioner in his face and torso area with the chemical agent.

16. Correctional officer Latona subjected everyone located and housed on G-block with the chemical agent because everyone was also locked in their cells when this incident was going on.

17. After being sprayed unnecessarily with a chemical agent Petitioner allowed officers to cuff him up so he could get decontaminad from the chemical agent.

18. On July 4th, 2022 at or around 9:32am Petitioner was placed in NCJ Restricted Housing, which is essentially segregated confinement and/or Punitive segregation. Petitioner was allowed to shower and then Respondent officers Latona and Cirrito and ~~offi~~ Respondent sergeant Sexton proceeded to leave.

19. That on July 5th or July 6th, 2022 a Mental Health Nurse, it's Petitioners belief that the Nurse was Laura, seen and spoke with Petitioner telling petitioner

that she had noticed that Petitioner had not been taking his medication and that it took 6 weeks for the medication to fully take affect and that she was notified that Petitioner had previously requested mental health. Petitioner informed Respondent that he'd had a mental health breakdown and that Petitioner wanted to speak with the mental health provider.

### DENIAL OF DUE PROCESS

20. On 07/04/2022 at approx 1:06pm Petitioner was served by Correctional officer Latona a copy of a "Incident Report" (Incident 2022-00001070) and a Niagara County Correctional Facility Confined Pending Hearing (CPH) Form.

21. That on 07/09/2022 or 07/10/2022 Petitioner had a Disciplinary Hearing in connection with the Incident Report. Petitioner cannot remember who was the sergeant conducting the hearing, but that sergeant sanctioned Petitioner to 7 day's in NCJ Restricted Housing (Punitive Segregation/Segregated Confinement)

22. That from the early morning hours of 07/04/2022 specifically 9:32am until the early morning hours of 07/11/2022 Petitioner was subjected to 7 days of Punitive Segregation under NCJ "Restrictive Housing" in which Petitioner was deprived priviledges normally associated with NCJ general population

including but not limited to: Restricted tablet (Petitioner cannot access certain apps on his Jpay tablet i.e, Phone app, message app, photo app, music app, video app, game apps, and radio app.), Restricted Phone (limited to one 5-minute call per week), Restricted Commissary (limited to only hygiene products), Restricted housing (only allowed 8 hours a day out of cell time, limited to only 3 other Incarcerated Individual contact, and segregated from general population).

(AH)
~~23. On 07/11/2022 at or around noon Petitioner was placed back into general population. (Back on G-Block)~~ (AH)

~~23. That at the disciplinary hearing the Petitioner called witnesses being Incarcerated Individual Green located on G-Block, Incarcerated Individual Carr located on G-Block, and Incarcerated Individual Butler located on G-Block.~~ (AH)

24. That the hearing officer said that he watched the body cam video and ran back the block camera's and seen that I was guilty and was going to only give ~~me~~ Petitioner 7 days.

25. that the disciplinary hearing was not recorded and the Petitioner was not served a disposition of the

8 of 14

hearing.

26. Petitioner put a grievance in in regards to this hearing and also put in a Disciplinary Hearing appeal form, in which case the Petitioner never recieved a response back from the Grievance Coordinator or the Appeal reviewer.

27. Petitioner put in a grievance in regards to the excessive force used and that grievance was denied for being submitted later than the time allowable. Petitioner then appealed to the Chief Administrative officer (GREENWOOD) in which case the Chief Administrative Officer again denied the grievance on the same grounds. The Petitioner then sent the grievance back to the Grievance Coordinator who was supposed to send the grievance to the CORC in Albany and then send a reciept to the Petitioner proving the grievance was sent to CORC. The Petitioner never recieved the reciept that the grievance coordinator sent the appeal to CORC.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

28. The Plaintiff has Exhausted his administrative remedies in respect to all claims and all defendants.

## CLAIMS FOR RELIEF

29. The actions of Respondents Officer's Latona,

correctional officer Cirrito, Correctional officer Shawver, and Sergeant Sexton in using excessive force being a chemical agent against Petitioner without a need or provocation and/or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and/or with deliberate indifference and constitute's cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

30. The actions of Respondents Correctional officers Latona, Cirrito, Shawver and Sergeant Sexton in using excessive force by chemical agent without a need or provocation and/or in failing to intervene to prevent the misuse of force Constitute's the tort of Assault under the law of New York, and the tort of Negligence.

31. The failure of Respondents Correctional officer Cirrito, and Shawver and Sergeant Sexton to take disciplinary or other action to curb the known patterns of of excessive force of incarcerated individuals and/or action to stop Correctional officer Latona from using excessive force, in the form of chemical agents, Constituted deliberate indifference to the Plaintiff's and other incarcerated individuals safety, and Contributed to and proximately Caused the above-described violation of Eighth Amendment rights and assault and negligence.

32. The failure of Respondent ~~Med~~ (AH) Mental Health Nurse Laura to check on Plaintiff's mental health and inquire why he'd stop taking his medication prior to Plaintiffs mental breakdown constituted deliberate indifference to Plaintiff's ~~safety~~ and psyciatric needs contributed to the above-described violation of Eighth Amendment rights.

33. The failure of Respondent mental Health Nurse Laura to check on Plaintiff's mental health and inquire why he'd stop taking his medication prior to ~~pet~~ (AH) Plaintiff's mental health breakdown constituted the tort of negligence.

34. The actions of Respondent unknown Hearing Sergeant in (AH) ~~refusing to call witnesses requested by Plaintiff~~ (AH); finding him guilty of Disturb safety/security, failure to Obey order, threats, Harassment of staff, obstruct view of cell, and Loud/Disruptive when Plaintiff was in mental health crisis, and providing inadequate written disposition and/or failure to record hearing proceeding for adequate review of the charges denied plaintiffs due Process of law in violation of the fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Issue a declaratory judgment stating that:

  1. The ph(AH) excessive force, in form of chemical agents, of Plaintiff by Correctional officer Latona (Respondent) violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and negligence under New York State Law.

  2. Respondent's Correctional officer's Cirrito, and Shawver and Sergeant Sexton failure to take action to curb the excessive force used on Plaintiff violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and negligence under New York State Law.

  3. Respondent Unknown Hearing Sergeant's actions in conducting Plaintiff's disciplinary hearing violated the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

  4. Respondent Med(AH) Mental Health nurse Laura actions in failing to provide adequate mental health services for the Plaintiff violated, and continued to violated the Plaintiff's rights under the Due Process(AH) Eighth Amendment to the United States Constitution

B. Issue an injunction ordering Respondent Niagara County Correctional Facility to:

12 of 14

1. Expunge the disciplinary convictions described in this complaint from the Plaintiff's institutional record.

C. Award compensatory damages in the following Amounts:

1. $100,000 jointly and severally against Respondents Correctional officer Latona, Correctional officer Shawver, Correctional officer Cirrito, and Sergeant Sexton for the excessive force used and emotional injuries sustained as a result of the excessive force.

2. $50,000 jointly and severally against Respondent Unknown hearing officer Sergeant for the punishment, including deprivation of liberty and amenity, and emotional injury resulting from the denial of due Process in connection with the Plaintiffs disciplinary hearing.

3. $50,000 jointly and severally against Respondent Mental Health Nurse LAURA for the mentally, emotionally, and physical injury resulting from her failure to provide adequate mental health care to the Plaintiff.

4. D. Award Punitive damages in the following amounts:

1. $20,000 each against Respondents Correctional

Officer's Latona, shawver, and Cirrito, and Sergeant Sexton.

2. $10,000 each against Respondents unknown Hearing Sergeant.

3. $20,000 each against Respondent Mental Health Nurse Laura.

E. Grant such other further relief as it may appear that plaintiff is entitled. I verify under the Penalty of Perjury that the forgoing is true and correct.

Sworn to and subscribed to before me this 8th day of November, 2022.

_Scott K. Mm_

NOTARY PUBLIC

SCOTT K. MENDOLA
Notary Public, State of New York
No. 01ME6052954
Qualified in Niagara County
My Commission Expires December 26, 2022

DATED: 11/8/2022

Respectfully Submitted,

_Atrel Hudson_

ATREL HUDSON [#132641A]
Niagara County Corr. Fac.
5526 Niagara St. ext.
Lockport, N.Y. 14095

14 of 14

| Official Use Only | | |
|---|---|---|
| Case Number | Judge | Magistrate Judge |

## PRISONER CIVIL RIGHTS COMPLAINT

*This form is for use by state prisoners filing under 42 U.S.C. § 1983 and federal prisoners filing pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).*

### Plaintiff's Information

| Name ATREL HUDSON | Prisoner No. 132641A |
|---|---|

**Place of Confinement**
NIAGARA COUNTY CORRECTIONAL FACILITY

| Street 5526 Niagara Street ext. | City Lockport AH | State N.Y. | Zip Code 14095 |
|---|---|---|---|

| Are there additional plaintiffs? | ☐ Yes | ☑ No |
|---|---|---|

*If yes, any additional plaintiffs to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. **You must provide names, prisoner numbers and addresses for all plaintiffs.***

### Defendant's Information

| Name Unknown Hearing Sergeant | Position Sergeant |
|---|---|

| Street/P.O. Box 5526 Niagara Street ext. | City Lockport | State N.Y. | Zip Code 14095 |
|---|---|---|---|

| Are you suing this defendant in his/her: | ☐ Personal Capacity | ☐ Official Capacity | ☑ Both Capacities |
|---|---|---|---|

| Are you suing more than one defendant? | ☑ Yes | ☐ No |
|---|---|---|

*If yes, any additional defendants to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. **You must provide their names, positions, current addresses and the capacity (personal, official or both) in which you are suing them.***

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK


ATREL HUDSON,

     PLAINTIFF / PETITIONER,


        – V –

Unknown Hearing Sergeant (Official / Individual Capacity);
CORRECTIONAL OFFICER SHAWVER (OFFICIAL CAPACITY);
CORRECTIONAL OFFICER LATONA (OFFICIAL CAPACITY);
CORRECTIONAL OFFICER CIRRETO (OFFICIAL CAPACITY);
SERGEANT SEXTON (OFFICIAL CAPACITY);
MENTAL HEALTH NURSE LAURA (OFFICIAL CAPACITY);
NIAGARA COUNTY CORRECTIONAL FACILITY;
Correctional officer Shawver (Individual Capacity)
Correctional officer Latona (Individual Capacity)
Correctional officer Cirrito (Individual Capacity)
Sergeant Sexton (Individual Capacity)
Mental Health Nurse Laura (Individual Capacity)
                    RESPONDENT(S).


AFFIRMATION AND DECLARATION OF PLAINTIFF
   IN SUPPORT OF CLAIMS


United States)
WESTERN District OF New York) SS:


Atrel Hudson deposes and states:

         1 of 10

1. I am the Plaintiff in the above-captioned matter and I make this affirmation and declaration in support of the attached claim.

2. That I am currently held Pre-trial at NIAGARA COUNTY CORRECTIONAL FACILITY and at was and have been held at said Facility at all ~~relevant~~ (AH) time's relevant to this attached claim.

3. That I was recieved by NIAGARA COUNTY CORRECTIONAL FACILITY on February 8th, 2022 and remained in their custody and control until the incident happened on 07/04/2022 until the present day

4. That at some point before 07/04/2022 I had been placed on mental health medication after speaking with a mental health nurse and a mental health provider.

5. That at some point before 07/04/2022 I had stopped taking the medication prescribed to me because I believed it was not working.

6. That prior to 07/04/2022 I had not been seen by a mental health nurse or provider in relation to me stopping my ~~medic~~ (AH) medication.

7. That on 07/04/2020 I put my sheet up on my cell bars to block the view into my cell as everybody else was out and would've been able to see me while I was deficating. We're allowed to do so, but it should only be high enough to cover your body and not your head.

8. That on this date my sheet was a little higher than allowed but I was still visible to any officers doing rounds.

9. That on this date Correctional officer Shawver did a round at or around 9:15 pm, and closed my cell gate without saying a word to me or others, or without asking me if I was okay, alive, or well. Which is one of the main reasons why staff don't want you to put stuff on cell bars blocking view because incarcerated individuals could be in the cell hurt and the staff wouldn't be able to see it and report it.

10. That after I was locked in and I got through using the toilet, I called Correctional officer Shawver and inquired why I had been locked in my cell without cause or authorization from a superior. Shawver stated that my sheet was up too high and I could come back out on the next shift.

11. At that point I felt locked in and trapped as I had already been going through things mentally. I had a mental break down and this should have been noticable to Shawver. In fact, I believe it was noticable to him because he then asked me if I wanted to harm myself.

12. I told Shawver that I didn't want to hurt myself and then proceeded to lash out on him and told him that I wanted to talk to mental health.

13. Correctional officer Shawver did not contact mental health when it was obvious that I was having a mental health break down.

14. Instead Correctional officer Shawver contacted S.E.R.T team officer's and Supervisor Sergeant Sexton.

15. S.E.R.T. Team officer's Latona and ~~Sex~~ Cirrito arrived on scene at G-Block accompanied by Sergeant Sexton.

16. Correctional officers Latona and Cirrito came on to G-Block gallery and stepped in front of my cell and requested that I go to the back of the cell (cell 1) and allowed to be restrained and relocated to the Facility's "Restricted Housing" area's which are located on the first floor's AB CD galleries.

4 of 10

(Punitive Segregation/segregated Confinement)

17. I then refused and continued to refuse while NIAGARA COUNTY CORRECTIONAL FACILITY Correctional Officers Latona and Cirrito and Sergeant Sexton were trying to talk to me.

18. At no point in time did I make threats to those officer's. I simply told them that I would not comply to the restraints and they would have to extract me, and I told them that I was facing serious charges and did not care about my life our there's.

19. At no time did these officers Contact or try to get a mental health staff member available to de-escalate the situation when it was clear that I was in a mental health crisis.

20. At no time did these officers (Correctional officers Cirrito and Latona and Sergeant Sexton) nor officer Shawver, who initiated the incident, initiate any "emergency protocol" in regards to dealing with a individual who has mental health concern's and are both actively having a ~~present~~ mental health crisis.

5 of 10

21. Correctional officer Latona then stated that he was going to release a chemical agent. The use of force in using a chemical agent in this particular moment was not warranted.

22. I was still locked in my cell. Every other Incarcerated Individual was locked into their own individual cell located on G-Block Gallery. The officers were standing outside of the cell's.

23. I was not trying to hurt or harm myself while in my cell on G-Block, nor was I trying to harm the officers standing outside the cells.

24. Sergeant Sexton, Correctional officer Cirrito, or Correctional officer Latona go to other incarcerated individuals and ask did they want to be moved before they sprayed a chemical agent, as other individuals would have been affected by such chemical agent.

25. No nurse was called to ascertain if there was any incarcerated individual's with significant health concerns who should not be exposed to chemical agents.

26. No exigent circumstances existed to warrant

6 of 10

a release of (A11) a chemical agent.

27. After being sprayed with the chemical agent, I could not breathe nor could I see. I felt as though my whole upper body was on fire. I then let the officer's in question take me to be decontaminated (regular shower).

28. I was taken to the first-floors AB CD gallery and placed in a shower. I took a shower and I immediately felt the pepper spray go from my hair and face area's to the rest of my body. The hot water from the shower intensified the chemical agent on my body and was spread to my nipples, penis, and anus. The tip of my penis burned everytime I took a urine and my anus burned everytime I deficated everyday for a week.

29. I was allowed outside of the Restricted housing area's (D-block) individual cell and allowed 8 hours out-of-cell time. I was allowed 1-hour outside recreation time within that 8 hours.

30. I was served with a ticket (A11) "incident Report" and (A11) at approximately 1:07pm by Correctional officer Latona (#1205) stating a description of facts (A11) incident being: "Inmate Hudson, Atrel written up for making threats towards officers, screaming obscenities, (A11)

from his cell, being loud, boisterous and creating a disturbance on G block." (Annexed Hereto AS EXHIBIT 1)

31. The incident Report reported Violations of:
ACTIVITY-Violations: 09 Disturb safety/security (ABC);
02 FAIL to Obey Order (ABC); 12 Threats (ABC);
25 Harrasment of staff (ABC); 21 Obstruct view into cell (ABC); 73 Loud, Disruptive (BC). (Annexed hereto as EXHIBIT 1)

32. Along with the Incident Report, there was also a "Niagara County Correctional Facility Confinement Pending Hearing (CPH) Form" served upon me, officer Latona wanted me to sign the form stating that I had recieved certain papers from certain staff at Niagara County Correctional Facility in relation to and Pursuant to 9 CRR-NY 7006.7(b). (Annexed hereto as EXHIBIT 2)

33. I had not recieved those papers in relation and Pursuant to 9 CRR-NY 7006.7(b), so I did not sign the Paper. (Annexed hereto as EXHIBIT 2)

34. I had a teal Disciplinary Hearing on 7/10/2022 or 7/11/2022 in regards to Incident Report: 22-01070. I never recieved a "Disciplinary Hearing Report" stating the inmate infractions in being guilty or not guilty and inmate's statement/Hearing officers Documentation

8 of 10

and the evidence used to find me guilty and the
sanctions imposed and release from segregation date.

35. On 07/07/2022 at approx 7:37pm I entered
a grievance to a Correctional officer at Niagara
County Correctional Facility in regards to the afore-
mentioned (CPH) Form and 9 NYCRR 7006.7.
(annexed hereto as EXHIBIT 3). -Grievance Accepted 7/12/22.
Decision adopted 07/18/2022

36. On 07/07/2022 at approx. 12:12pm I entered
a grievance in regards to not having my hearing in
5 days pursuant to 9 NYCRR 7006.8. (Annexed
hereto as EXHIBIT 4). -Grievance Accepted 7/12/2022.
Decision adopted 07/18/2022.

37. On 07/14/2022 at approx. 9:41am I entered
a grievance in regards to the incident of 07/04/2022.
(Annexed hereto as EXHIBIT 5) -Grievance Denied 7/18/2022
due to submitted beyond 5 days. Decision adopted on
07/25/2022.

38. From 07/04/2022 until 07/11/2022 I was
subjected to Restricted Housing/Punitive Segregation/
Segregated Confinement. I experienced Restricted
tablet (No Apps including but not limited to: Phone App,
Games Apps, media Apps, picture Apps, video Apps, radio App,
message App.); Restricted Calls (1 five minute call per
week); Restricted Commissary (limited to hygiene);

loss of property (limited to certain items out of personal property); no microwaves; no Televisions; and restricted and segregated away from general population.

39. I was mentally and emotionally stressed out. I was hungry. I was stripped of the typical life and priviledges associated with a NIAGARA COUNTY CORRECTIONAL FACILITY's Incarcerated Individuals who are housed in general population.

40. On or around 7/25/2022 I 07/27/2022 I appealed the decision to CORC in Albany N.Y for review. I did not receive a reciept from the Grievance Coordinator at NIAGARA COUNTY Correctional Facility nor am I in reciept of a decision from CORC in regards to Such.

41. I have not been Coerced or forced to make this Affirmation and Declaration and im doing it on my own free will.

I certify, verify, and I clear Declare under the Penalty of Perjury the foregoing is true and correct.

SCOTT K. MENDOLA
Notary Public, State of New York
No. 01ME6262664
Qualified in Niagara County
My Commission Expires December 26, 2025

Sworn and subscribed
to before me this **8th**
day of NOVEMBER, 2022.

_Scott K. M____
NOTARY PUBLIC          10 of 10

DATED: _Atrel Hudson____

ATREL HUDSON

NIAGARA COUNTY CORR, FAC

5526 Niagara St. ext.
Lockport, N.Y. 14095

EXHIBIT 1



# Incident Report

Incident: 2022-00001070



**Print Date/Time:** 07/04/2022 13:44
**Login ID:** niagaracounty\ushfaml

Niagara County Correctional Facility
**ORI Number:** NY031013C

## Details

| | | | | | |
|---|---|---|---|---|---|
| **Incident Type:** | Discipline/IID | **Reporting Officer:** | 1095 - SHAWVER | **Assigned To:** | |
| **Incident Date/Time:** | 07/04/2022 09:32 AM | **Reported Date/Time:** | 07/04/2022 09:37 AM | **Assigned Date:** | |
| **Incident Location:** | G Block | | | | |
| **Description:** | Inmate Hudson, Atrel written up for making threats towards officers, screaming obscenities from his cell, being loud, boisterous and creating a disturbance on G block. | | | | |

## Subjects

| Name | | Subject Type | Booking Number | Charges |
|---|---|---|---|---|
| Hudson, Atrel Marvell | | Offender | 2022-00000281 | N |

## Activity

## Violations

| Seq Number: | 2 | Violator: | Hudson, Atrel Marvell | Violation: | 09 Disturb Safety/Security (ABC) |
|---|---|---|---|---|---|
| Location: | | | | Requires Reclassification: | N |
| Seq Number: | 3 | Violator: | Hudson, Atrel Marvell | Violation: | 02 Fail to Obey Order (ABC) |
| Location: | | | | Requires Reclassification: | N |
| Seq Number: | 4 | Violator: | Hudson, Atrel Marvell | Violation: | 12 Threats (ABC) |
| Location: | | | | Requires Reclassification: | N |
| Seq Number: | 5 | Violator: | Hudson, Atrel Marvell | Violation: | 25 Harassment of Staff (ABC) |
| Location: | | | | Requires Reclassification: | N |
| Seq Number: | 6 | Violator: | Hudson, Atrel Marvell | Violation: | 21 Obstruct View Into Cell (BC) |
| Location: | | | | Requires Reclassification: | N |
| Seq Number: | 7 | Violator: | Hudson, Atrel Marvell | Violation: | 73 Loud, Disruptive (BC) |
| Location: | | | | Requires Reclassification: | N |

## Violation Notification

| Seq Number: | 2 | Violator: | Hudson, Atrel Marvell | |
|---|---|---|---|---|
| | Notification Type | Notification Date/Time | Notified By | |
| | Written | 07/04/2022 01:06 PM | 1205 - LATONA | |
| Seq Number: | 3 | Violator: | Hudson, Atrel Marvell | |
| | Notification Type | Notification Date/Time | Notified By | |
| | Written | 07/04/2022 01:07 PM | 1205 - LATONA | |
| Seq Number: | 4 | Violator: | Hudson, Atrel Marvell | |
| | Notification Type | Notification Date/Time | Notified By | |
| | Written | 07/04/2022 01:07 PM | 1205 - LATONA | |
| Seq Number: | 5 | Violator: | Hudson, Atrel Marvell | |
| | Notification Type | Notification Date/Time | Notified By | |
| | Written | 07/04/2022 01:08 PM | 1205 - LATONA | |
| Seq Number: | 6 | Violator: | Hudson, Atrel Marvell | |
| | Notification Type | Notification Date/Time | Notified By | |
| | Written | 07/04/2022 01:09 PM | 1205 - LATONA | |

EXHIBIT 2

## Niagara County Correctional Facility    (OR)

## Confinement Pending Hearing (CPH) Form

---

Pursuant to 9 CRR-NY 7006.7(b) Within 24 hours of such confinement, the inmate shall be provided with a written statement setting forth the reason(s) for such confinement. Upon receipt of the written statement, the inmate shall be provided with an opportunity to respond to such statement orally or in writing to the chief administrative officer.

I have received a copy of the written statement setting forth the reasons for confinement pending the disciplinary hearing and have been provided with an opportunity to respond to such statement.

Date 7-4-22    Incident Number 22-01070

Name Hudson, Artel

Inmate Signature X

Officer Signature _____    Badge _____

---

Date 7-4-22

Pursuant to 9 CRR-NY 7006.7(c), I have reviewed the administrative confinement of the above inmate pending the disciplinary hearing and have determined that continued confinement:

X is warranted

____ is not warranted. (Inmate has been released from administrative segregation)

CJA/designee _____ 1093

EXHIBIT 3

**New York State Commission of Correction**
**Inmate Grievance Form**
Form SCOC 7032-1 (11/2015)

Facility: NIAGARA COUNTY JAIL                Housing Location: D-BLOCK-3 Cell

Name of Inmate: ATREL HUDSON              Grievance #: 22-121

**Brief Description of the Grievance** *(Submitted by the grievant within 5 days of occurrence)* NIAGARA COUNTY JAIL and
**Number of Sheets Attached ( )** its administration and their subordinates are fraudulently having
incarcerated individuals sign a "Confined Pending Hearing" (CPH) Form stating that we
have recieved a statement setting forth the facts of why confinement pending
the disciplinary hearing is warranted pursuant to 9 NYCRR 7006.7, but in
actuality NIAGARA COUNTY JAIL or its administration never actually disclose any such
statement to the incarcerated individual when having them sign the (CPH) Form
nor is the subsequent statement that confinement is warranted sufficient enough alone to
**Action requested by the grievant** *(Submitted by the grievant within 5 days of occurrence):* establish confinement.
**Number of Additional Sheets Attached ( )**

I request that I recieve a statement from the chief Administrating officer
stating forth specific facts of why my confinement pending a disciplinary
hearing is warranted. I also wrote the 'CAO' and would like his response in
writing and entered into the central file all in accordance with 9 NYCRR 7006.

Grievant Signature: Atrel Hudson          Date/Time Submitted: 07/07/2022 @ 7:37pm

Receiving Staff Signature:                 Date/Time Received: 7-22  1934

Investigation Completed by: Capt _____     Date Completed: 7/12/22

**Decision of the Grievance Coordinator**                **Number of Sheets Attached ( )**
*Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and*
*reasons underlying the determination*

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)
☒ Grievance Accepted
☐ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (can be
   appealed to CAO)
☐ Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts
   below)

Pursuant to 9 CRR-NY 7006.7(b) you are given a written
statement setting forth the reason(s) for such confinement.
You have signed for and have been given a copy of this
form in the past.

Signature of the Grievance Coordinator: Capt _____       Date: 7/12/22

— NEVER SIGNED FORM (CPH) I HAVE
UNSIGNED COPY   — Atrel Hudson   7/13/22

EXHIBIT 3

### New York State Commission of Correction
### Inmate Grievance Form Part II

<u>NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO C.A.O. FOR DETERMINATION</u>

<u>Grievant's Appeal to the Chief Administrative Officer</u>
*Must submit within two business days of receipt of the Grievance Coordinator's written decision*
I have read the above decision of the Grievance Coordinator and
( )    I agree to accept the decision
(✓)    I am appealing to the Chief Administrative Officer

Grievant Signature: _Atad Thur_      Date: _07/14/22_

<u>Decision of the Chief Administrative Officer:</u>      **Number of Sheets Attached ( )**
*Shall be issued within five business days after receipt of appeal and provided to grievant*

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CPCRC)
☑ Grievance Accepted (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(l))
☐ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (may be appealed to CPCRC)
☐ Grievance Denied due to appeal submitted beyond 2 business days (may be appealed to CPCRC)
☐ Grievance Accepted in part/Denied in part (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(l) for the Accepted portion of grievance)

_____

_____

_____

Signature of the Chief Administrative Officer: _CPL J. Sund_      Date: _7/18/22_

Pursuant to 9 NYCRR §7032.5(a), any grievant may appeal any grievance DENIED by the facility administrator, in whole or in part, to the State Commission of Correction.

I have read the above decision of the Chief Administrative Officer and
( )    I agree to accept the decision
(✓)    I am appealing to the Citizen's Policy and Complaint Review Council

Grievant Signature: _Atad Thur_      Date: _7/20/22_

## Submission to the Citizen's Policy and Complaint Review Council

NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO CPCRC UNLESS C.A.O. HAS ACCEPTED THE GRIEVANCE IN ITS ENTIRETY

NOTE: A GRIEVANCE ACCEPTED IN ITS ENTIRETY BY THE CHIEF ADMINISTRATIVE OFFICER OR FOUND NON-GRIEVABLE BY THE CHIEF ADMINISTRATIVE OFFICER MAY NOT BE APPEALED, AND SHALL NOT BE FORWARDED, TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL.

I HAVE ISSUED THE GRIEVANT A RECEIPT INDICATING THE DATE THE APPEAL HAS BEEN SUBMITTED TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL. I HAVE ENCLOSED WITH THIS GRIEVANCE THE INVESTIGATION REPORT, THE WRITTEN DIRECTIVE OF PROVIDED REMEDY/RELIEF FOR GRIEVANCES SUSTAINED IN PART (IF APPLICABLE) AND ALL OTHER PERTINENT DOCUMENTS.

Signature of the Grievance Coordinator:_____    Date:_____

EXHIBIT 4

**New York State Commission of Correction**
**Inmate Grievance Form**
Form SCOC 7032-1 (11/2015)

Facility: NIAGARA COUNTY JAIL                    Housing Location: D-BLOCK - 3cell

Name of Inmate: ATREL HUDSON                    Grievance #: 22-120

**Brief Description of the Grievance** *(Submitted by the grievant within 5 days of occurrence)* last time I was here I grieved
**Number of Sheets Attached** ( ) the fact that my hearing started more than 5 days after being
confined Pending Hearing and that grievance was accepted. Pursuant to 9 NYCRR
7006-8 "Disciplinary Hearing" in part states "... In the event an incarcerated
individual is placed in segregated confinement pending a disciplinary hearing Pursuant
to subdivision (a) of section 7006.7 of this part, a hearing shall occur as soon as
reasonably possible and at most within five days of such placement, unless the
charged individual) seeks a postponement of the hearing. I do not seek a
postponement.
**Action requested by the grievant** *(Submitted by the grievant within 5 days of occurrence)*:
**Number of Additional Sheets Attached** ( )

Today is my fourth day in which I have been confined pending
hearing pursuant to 9 NYCRR 7006.7 and I request that my hearing
be conducted as soon as practicable and within 5 days of my confinement
Pursuant to 9NYCRR 7006.8. I got here Monday July 4th, 2022.

Grievant Signature: Atrel Hudson                    Date/Time Submitted: July 7th, 2022 @ 12:12

Receiving Staff Signature: _____                    Date/Time Received: _____

Investigation Completed by: Capt Guiseppe Into                    Date Completed: 7/12/22

**Decision of the Grievance Coordinator**                    **Number of Sheets Attached** ( )
*Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination*

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)
☒ Grievance Accepted
☐ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (can be
appealed to CAO)
☐ Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts
below)

7006.8(a) states 5 days of such placement; if you are
placed in segregated confinement. You are not considered under law
to fall into this category. You have already received your
hearing and you are now housed per your classification

Signature of the Grievance Coordinator: Capt Guiseppe Into                    Date: 7/12/22

New York State Commission of Correction
Inmate Grievance Form Part II

NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO C.A.O. FOR DETERMINATION

Grievant's Appeal to the Chief Administrative Officer
*Must submit within two business days of receipt of the Grievance Coordinator's written decision*
I have read the above decision of the Grievance Coordinator and
(  ) I agree to accept the decision
(✓) I am appealing to the Chief Administrative Officer
Grievant Signature: _____    Date: 07/14/22

Decision of the Chief Administrative Officer:    Number of Sheets Attached ( )
*Shall be issued within five business days after receipt of appeal and provided to grievant*

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CPCRC)
☑ Grievance Accepted (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(l))
☐ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (may be appealed to CPCRC)
☐ Grievance Denied due to appeal submitted beyond 2 business days (may be appealed to CPCRC)
☐ Grievance Accepted in part/Denied in part (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(l) for the Accepted portion of grievance)

_____

_____

_____

_____

_____

Signature of the Chief Administrative Officer: _____    Date: 7/18/22

Pursuant to 9 NYCRR §7032.5(a), any grievant may appeal any grievance DENIED by the facility administrator, in whole or in part, to the State Commission of Correction.

I have read the above decision of the Chief Administrative Officer and
(  ) I agree to accept the decision
(✓) I am appealing to the Citizen's Policy and Complaint Review Council
Grievant Signature: _____    Date: 7/20/22

## Submission to the Citizen's Policy and Complaint Review Council

NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO CPCRC UNLESS C.A.O. HAS ACCEPTED THE GRIEVANCE IN ITS ENTIRETY

NOTE: A GRIEVANCE ACCEPTED IN ITS ENTIRETY BY THE CHIEF ADMINISTRATIVE OFFICER OR FOUND NON-GRIEVABLE BY THE CHIEF ADMINISTRATIVE OFFICER MAY NOT BE APPEALED, AND SHALL NOT BE FORWARDED, TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL.

I HAVE ISSUED THE GRIEVANT A RECEIPT INDICATING THE DATE THE APPEAL HAS BEEN SUBMITTED TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL. I HAVE ENCLOSED WITH THIS GRIEVANCE THE INVESTIGATION REPORT, THE WRITTEN DIRECTIVE OF PROVIDED REMEDY/RELIEF FOR GRIEVANCES SUSTAINED IN PART (IF APPLICABLE) AND ALL OTHER PERTINENT DOCUMENTS.

Signature of the Grievance Coordinator: _____    Date: _____

New York State Commission of Correction
**Inmate Grievance Form**
Form SCOC 7032-1 (11/2015)

1 of 6
ADDENDUM ATTACHED

Facility: NIAGARA COUNTY JAIL          Housing Location: G-BLOCK-5 Cell

Name of Inmate: ATREL HUDSON          Grievance #: 22-136

**Brief Description of the Grievance** *(Submitted by the grievant within 5 days of occurrence)* On 07/04/2022 at Appr.
Number of Sheets Attached ( ) 9: Am I, ATREL HUDSON #132641A had a mental Health break-
down due to being locked into my cell for having my sheet up too high while
~~using toying~~ the toilet. The reason for locking me in as stated by officers is because I
obstructed the view into my cell and I could've hurt myself, but yet officer
Shawver only locked my cell gate, without checking on my welfare or safety.
I'm facing felony murder charges and Robbery and facing life in prison. - See
ADDENDUM

**Action requested by the grievant** *(Submitted by the grievant within 5 days of occurrence)*:
Number of Additional Sheets Attached ( ) I request that this matter be investigated and
this grievance be answered within the time permitted in 9 NYCRR §
7032.4 (f)(g) and (i) and procedures ~~etc~~ set forth therein. I also want
the records maintained by this facility of the incident using the chemical
agent pursuant to 9 NYCRR § 7063.7 (a)(b)(2)-(10)

Grievant Signature: Atrel Hudson          Date/Time Submitted: 07/14/2022 @ 9:41 am

Receiving Staff Signature: Alan Green          Date/Time Received: 7/14/2022

Investigation Completed by: Capt John Nito          Date Completed: 07/18/22

**Decision of the Grievance Coordinator**          Number of Sheets Attached ( )
*Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination*

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)
☐ Grievance Accepted
☐ Grievance Denied on Merits
☒ Grievance Denied due to submitted beyond 5 days of act or occurrence (can be appealed to CAO)
☐ Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts below)

Incident in question occurred on 07/04/22 and Grievance
was Submitted 07/14/22

Signature of the Grievance Coordinator: Capt John Nito          Date: 07/18/22

New York State Commission of Correction
Inmate Grievance Form Part II

NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO C.A.O. FOR DETERMINATION

Grievant's Appeal to the Chief Administrative Officer
*Must submit within two business days of receipt of the Grievance Coordinator's written decision*
I have read the above decision of the Grievance Coordinator and
( )    I agree to accept the decision
(✓)    I am appealing to the Chief Administrative Officer

Grievant Signature: _____    Date: 7/22/22

Decision of the Chief Administrative Officer:    Number of Sheets Attached ( )
*Shall be issued within five business days after receipt of appeal and provided to grievant*

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CPCRC)
☐ Grievance Accepted (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(l))
☐ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (may be appealed to CPCRC)
☐ Grievance Denied due to appeal submitted beyond 2 business days (may be appealed to CPCRC)
☐ Grievance Accepted in part/Denied in part (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(l) for the Accepted portion of grievance)

_____

_____

_____

_____

Signature of the Chief Administrative Officer: _____    Date: 7/25/22

Pursuant to 9 NYCRR §7032.5(a), any grievant may appeal any grievance DENIED by the facility administrator, in whole or in part, to the State Commission of Correction.

I have read the above decision of the Chief Administrative Officer and
( )    I agree to accept the decision
(✓)    I am appealing to the Citizen's Policy and Complaint Review Council

Grievant Signature: _____    Date: 7/27/22

# Submission to the Citizen's Policy and Complaint Review Council

NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO CPCRC UNLESS C.A.O. HAS ACCEPTED THE GRIEVANCE IN ITS ENTIRETY

NOTE: A GRIEVANCE ACCEPTED IN ITS ENTIRETY BY THE CHIEF ADMINISTRATIVE OFFICER OR FOUND NON-GRIEVABLE BY THE CHIEF ADMINISTRATIVE OFFICER MAY NOT BE APPEALED, AND SHALL NOT BE FORWARDED, TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL.

I HAVE ISSUED THE GRIEVANT A RECEIPT INDICATING THE DATE THE APPEAL HAS BEEN SUBMITTED TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL. I HAVE ENCLOSED WITH THIS GRIEVANCE THE INVESTIGATION REPORT, THE WRITTEN DIRECTIVE OF PROVIDED REMEDY/RELIEF FOR GRIEVANCES SUSTAINED IN PART (IF APPLICABLE) AND ALL OTHER PERTINENT DOCUMENTS.

Signature of the Grievance Coordinator:_____    Date:_____

GRIEVANCE ADDENDUM    EXHIBIT 5
2 of 6

Continued Description of Grievance: I'm currently on mental health meds and I hadn't taken them. Upon having the mental health break-down, I told officer Shawver that I was facing life and I didn't care about anything including my life or his. He then responded by requesting assistance from other officer's and a sergeant. Upon arriving officer Latona, officer Cerretto, Sgt. Sexton amongst other officers Ordered me to cuff up to be escorted to a separate Confinement housing area for pending disciplinary. I then refused and showed constant signs of mental distress continuing to state I didn't care about anything and that I was ready to go. Officer LATONA tried to speak with me about not making matters worse, but my current mental state did not allow me to fully make rational decisions. Upon still refusing to get cuffed, while standing inside my locked cell, officer Latona then proceeded to spray me directly into my face with a Chemical agent I can only assume was pepper spray. I don't believe that Sgt. Sexton gave permission for officer LATONA to pep~ (at)subject me to a chemical agent. Even if such use of the chemical agent was implied to be used by the Supervisor, such use was unwarranted and an excessive use of force. Even if such use of force was warranted, which it wasn't, The proper procedures were not followed pursuant to 9 NYCRR § 7063.1; § 7063.3; §7063.4; or § 7063.7. In that pursuant to 9 NYCRR § 7063.1 states that: "The use of chemical agents in a Correctional facility shall be controlled and reasonably applied only when necessary to protect the safety, security, and good order of the facility." -In this instant situation the protection of safety, security, and good order of the facility

EXHIBIT 5

GRIEVANCE ADDENDUM

**3** of 6

was not threatened due to the fact that I was locked into my cell located on G-1 cell, and I only had refused a order to cuff up. I neither ref (AH) threatened any officers nor tried to physically harm them or any other person. Pursuant to 9 NYCRR § 7063.3 (a): "No chemical agents shall be used by a facility staff member (AH) without proper authorization pursuant to the requirements of this section." — As stated earlier I do not believe Sgt. Sexton authorized the use of such chemical agent and if he did I don't believe it was warranted. 9 NYCRR § 7063.3 (c): "in emergency situations (AH) cases, when a deadly (AH) delay in the use of chemical agents presents an immediate threat of death or serious physical injury or severly threatens the safety and security of the correctional facility, facility staff or security of the correctional facility, facility staff trained in the use of chemical agents shall have the authority to use chemical agents without authorization. — As stated early (AH) previously, I was already confined into my cell as well as every other incarcerated individual in their respective cells. I was not a did not attempt to hurt myself nor any staff member or incarcerated individual nor was there any immediate threat of death or serious physical injury. Thus use of the chemical agent was not warranted nor authorized. Pursuant to NY CRR 7063.4 (a): "Chemical agents shall not be used as a form of punishment." — I believed I was punished for

GRIEVANCE ADDENDUM
4 of 6

refusing to cuff up in wrist restraints and for my mental defect being me having a nervous breakdown, anxiety attack, and mental health crisis by officer LATONA releasing and subjecting me to chemical agent. Pursuant to NY CRR § 7063.4(c): "Prior to the use of chemical agents, the person authorizing such use shall notify facility health services staff, except in emergency cases when such a delay in the use of said agents presents an immediate threat of death or serious injury or severly threatens the safety or security of the facility." - In this instant matter sgt. sexton did not notify health services staff prior the authorization to use chemical agents. As stated earlier no such emergency presented a serious immediate threat of death or injury or severly threatened the safety or security of the facility. Pursuant to 9 NYCRR § 7063.4(d): "Prior to use of chemical agents, facility health services staff who are trained in the medical consequences of the use of such agents shall make reasonable efforts to inform the authorizing officer whether such administration may aggravate any existing injuries, illnesses or other physical conditions of any person who may be exposed." - In this instant matter as stated prior sgt. sexton did not notify health services before the use of chemical agents, so as such facility health services were not able to notify officers of any existing injuries, illnesses or other physical conditions that may be aggravated if exposed to chemical agents, of that of me or other incarcerated individuals

EXHIBIT 5

GRIEVANCE ADDENDUM
5 of 6

Pursuant to 9 NYCRR § 7063.4(h): "Whenever possible, prior to the use of any chemical agent, all reasonable efforts shall be made to evacuate all persons for whom the administration of such agents is not ~~also~~ intended." In this instant matter no efforts at all were made to evacuate any incarcerated individual not involved. Subjecting other individuals to the chemical agents, all individuals on G-BLOCK subjected to excessive use of force. Pursuant to 9 NYCRR § 7063.4(i): "Whenever possible, prior to use of any such chemical agent, such use shall be announced to the inmates for whom the administration of such agent is intended." — In this instant matter Officer LATONA did not announce that such agent was about to immediately be administered. Pursuant to 9 NYCRR § 7063.4(L): "Appropriate decontamina of persons and area cleanup procedures shall be completed as soon as possible after the use of chemica agent." — In this instant matter, I was decontaminated immediately in D-BLOCK shower, but the individuals on G BLOCK who were also exposed did not enjoy the priviledge of decontamination. In fact no cleanup procedur were implemented by staff. The chemical agent was still present inside cell and on cell bars before an incarcerat Individual subsequently moved in cell and forced to

GRIEVANCE ADDENDUM

6 of 6

Clean up the chemical agent without protective equipment
Subjecting him to the exposure of the chemical agent.
Pursuant to 9 NYCRR § 7063.7(a): "A written record of all
incidents of chemical agent use, except when such agents
are used for training purposes, shall be maintained." In
this instant matter I don't believe said chemical agent
incident reports were recorded or maintained and if
such records do exist I want to know if they are
consistant with the information mandated by 9 NYCRR §
7063.7(b)(1)-(11). I believe my Constitutional rights under the
fifth and fourteenth Amendments have been violated for
excessive force, Due process clauses and such excessive force wa!
by unwarranted chemical agent administration.

**TED STATES**
**TAL SERVICE** ®  |  **PRIORITY** ®
**MAIL**



PRIORITY MAIL
MEDIUM FLAT RATE
POSTAGE REQUIRED
BUFFALO

TREL HUDSON #132641A
RA COUNTY CORR. FAC.
o NIAGARA STREET EXT.
CPORT, New York. 14095



**UNITED STATES POSTAL SERVICE.**                    *Retail*

**P**        US POSTAGE PAID
            **$17.10**        Origin: 14094
                              01/27/23
                              3548000094-10

**PRIORITY MAIL**®

                    2 Lb 4.80 Oz
                    **RDC 23**

EXPECTED DELIVERY DAY: 01/30/23

COM®
NLINE

SHIP
TO:
2 NIAGARA SQ
BUFFALO NY 14202-3350

USPS TRACKING® #

9505 5156 0259 3027 5904 00

**C030**

**TO:**

DISTRICT CLERK
DISTRICT COURT FOR THE
ERN DISTRICT OF
NEW YORK
siaga-a Square
ffalo N.Y. 14202



**PS00011000000**

e 2020
ID: 11 x 8.5 x 5.5
OD: 11.25 x 8.75 x 6
ODCUFT: 0.341